IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Talent Acquisition Group, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> -against- ) <br> ) <br> Talent Acquisition Group, L.L.C, ) <br> ) <br> Defendant. ) | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, The Talent Acquisition Group, Inc. ("Plaintiff") for its Complaint against Defendant, Talent Acquisition Group, L.L.C. ("Defendant" or "TAG, LLC") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for declaratory judgment, that Plaintiff has not violated or infringed any intellectual property or other right of Defendant, including but not limited to trademark rights.

2. Plaintiff also seeks relief for tortious interference with prospective economic and/or business advantage.

## PARTIES

3. Plaintiff is a corporation formed under the laws of New York and with its main offices located at 333 E. 49th Street, New York, New York.

4. Upon information and belief, Defendant is a corporation located in the State of Iowa.

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action as provided for in 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201 and 2202, as the present case arises out of the Lanham Act, 15 U.S.C. §§1051 et seq. as amended, trademark infringement, false designation of origin, and unfair competition arising out of the Lanham Act and as hereinafter more fully described.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

7. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs in this Complaint as though the same were fully rewritten herein.

8. Plaintiff has been doing business in the State of New York under the business/trade name Talent Acquisition Group since late 2005.

9. Plaintiff has invested considerable resources in building up goodwill, reputation, and branding of its business with the relevant trade and public using the trade business trade name, "Talent Acquisition Group."

10. Plaintiff has invested considerable resources in marketing of its services under the business/trade "Talent Acquisition Group," name including the establishment and maintenance a website with a domain address at www.tagroup-inc.com.

11. Defendant's counsel sent Plaintiff a letter dated November 6, 2007 demanding that Plaintiff cease and desist from any use of the name "Talent Acquisition Group" and alleged that Plaintiff's use of the name violates Defendant's Intellectual Property rights in the name by causing consumer confusion.

## COUNT I
## DECLARATORY JUDGMENT THAT PLAINTIFF'S ACTIONS DO NOT CONSTITUTE TRADEMARK INFRINGEMENT

12. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth fully herein.

13. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202, as to the relevant rights, liabilities, and obligations of Plaintiff and Defendants with respect to the federal Lanham Act, 15 U.S.C. §§1051 *et seq.*

14. Plaintiff has not violated the Lanham Act, and or any trademark cause of action under state law, because, among other reasons, Plaintiff has not, in connection with any goods or services, used in commerce any word, term or name, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities.

15. Plaintiff has not infringed any trademark rights relating to "Talent Acquisition Group" as this phrase does not function as a trademark and is merely descriptive, is without secondary meaning, and therefore not functioning as a trademark.

## COUNT II
## COMMON LAW MISAPPROPRIATION/INFRINGEMENT OF PLAINTIFF'S TRADE NAME

16. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

17. Defendant's aforesaid activities have caused and continue to cause harm to the Plaintiff.

18. Plaintiff has suffered irreparable harm and pecuniary damages as a result of Defendant's aforesaid activities.

## COUNT III
## INJURY TO BUSINESS REPUTATION AND DILUTION
## UNDER NEW YORK GENERAL BUSINESS LAW

19. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

20. Defendant's use of the name "Talent Acquisition Group" as its business/trade name and Defendant's use of the web address "www.talentacquisitiongroup.com" as the domain name for its website, both used in conjunction with commercial activities including executive search and recruiting services are likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection or association between the Defendant and the Plaintiff as to the origin, sponsorship or approval of the goods and services provided by the Defendant.

21. Upon information and belief, Plaintiff's use of the words "Talent Acquisition Group" as its trade name and/or trademark in conjunction with commercial activities predates Defendant's use of its business/trade name in New York in connection with its commercial activities.

22. Defendant's aforesaid activities constitute injury to business reputation in violation of Section 360-l of Article 24 of the New York General Business Law.

23. Defendant's aforesaid activities have caused and continue to cause harm to the Plaintiff.

24. Plaintiff has suffered irreparable harm and pecuniary damages as a result of Defendant's aforesaid activities.

4

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

25. Declaring that Plaintiff's actions related to its business of providing the services of executive searching and recruiting and running a website with information about and providing access to its services of executive searching and recruiting do not violate the federal Lanham Act and/or any applicable state law;

26. That the term "Talent Acquisition Group" is a descriptive term without secondary meaning and therefore not eligible for registration as a service mark and/or trademark pursuant to the Lanham Act, 15 U.S.C. § 1503;

27. Declaring that Plaintiff's activities relating to its business of providing and running a website incorporating the terms "Talent Acquisition Group" and providing executive search and recruitment does not infringe any trademark or copyright owned, applied for, or controlled by Defendant or any business associated with Defendant;

28. Declaring that Plaintiff's activities relating to its business of providing and running a website incorporating the terms "Talent Acquisition Group" and providing executive search and recruitment do not violate any rights possessed or controlled by Defendant and are not in violation of any state or federal statute;

29. Enjoining Defendant, its agents, servants, employees, attorneys, and affiliates, and those persons or entities in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, from interfering with Plaintiff's business related to executive search and recruitment, either directly through action against Plaintiff or indirectly through actions against persons or businesses who contact or contract with Plaintiff, or from threatening litigation or otherwise making statements that Plaintiff and/or Plaintiff's customers have infringed or are infringing any rights of Defendant;

30. Awarding Plaintiff its costs and attorneys' fees incurred in conjunction with this suit; and

31. Awarding Plaintiff any other relief that this Court deems just and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38 (b), Plaintiff hereby demands a trial by jury.

Dated: December 10, 2007

*Dariush Keyhani*
Dariush Keyhani (DK-9673)
Jennifer Meredith (JM-4816)
Meredith & Keyhani, PLLC
Attorneys for Plaintiff
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Facsimile (212) 202-3819